## GAUSS v FRANCIS

Ohio Appeals, 9th Dist, Lorain Co

No 796.   Decided Nov 6, 1936

Webber, Webber & Black, Elyria, for appellant.

R. H. Rice, Elyria, for appellee.

## OPINION

By WASHBURN, J.

In this cause there were some irregularities in the perfecting of the appeal and the filing of briefs, but they are simply irregularities which the court has power to permit to be corrected, and the circumstances are such that the court feels that the application to correct them should be granted, and it is accordingly done.

David Gauss, appellant, sued A. W. Francis, appellee, to recover damages for injuries suffered by said Gauss while riding with said Francis in the latter's automobile, and at the conclusion of the evidence offered by appellant, the trial court directed a verdict in favor of appellee. A directed verdict was asked for on the ground that appellant was riding as a guest of appellee, and that the petition did not charge, and the evidence did not support or tend to prove, any wilful or wanton misconduct on the part of appellee, the driver of the automobile; also on the ground that the undisputed evidence failed to show any negligence whatsoever on the part of appellee.

The record in the case is short, and has had the careful consideration of the members of this court; and we have unanimously reached the conclusion that the evidence does not disclose any benefit, mutual or otherwise, which could be regarded as a consideration for the transportation of appellant by appellee, and that the claimed business relationship between them was too prospective and remote to be regarded as such consideration; and the evidence in the record is such as to present a question of law as to whether appellant was a guest in the automobile of appellee, and the trial court did not err in its decision in reference thereto.

Counsel are familiar with the evidence in the record, and we do not deem it necessary to detail the facts or discuss the various and somewhat conflicting cases in which courts have determined that a per-

son was or was not a guest under other circumstances and in other situations.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.